### BROWN v. McINTOSH et al.

(Court of Appeals of the District of Columbia. Submitted March 10, 1920. ·Decided May 3, 1920.)

#### No. 1302.

**Patents ☞90(5)—Senior applicant held entitled to priority.**

Where the senior applicant for the patent was the first to conceive the invention, and his application was filed before the junior applicant reduced his invention to practice, either actually or constructively, the senior applicant is entitled to priority.

Appeal from the Assistant Commissioner of Patents.

Interference proceedings between M. Lewis Brown, James A. McIntosh, and Frank Kritz. From a decision awarding priority to McIntosh, the senior party, M. Lewis Brown, appeals. Affirmed.

E. N. Pagelsen, of Detroit, Mich., for appellant.

B. M. Kent, of Cleveland, Ohio, J. H. Milans and C. T. Milans, both of Washington, D. C., and S. C. Barnes of Detroit, Mich., for appellees.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding in which priority was awarded the senior party, McIntosh. The interference originally involved three parties, Brown, Kritz, and McIntosh. Kritz, however, did not appeal from the decision of the Assistant Commissioner.

The invention is a lock-seam channel tubing especially adaptable to the making of automobile wind shield frames. The second of the two claims of the issue is sufficiently illustrative:

"2. A channel tubing comprising. a fashioned sheet metal blank having an integral inner channel and uninterrupted outer surrounding portions, the opposite edge portions of said blank meeting in the bottom portion of the channel and being bent to form a lock seam with the thickness of the seam in the space between said channel portion and the outer surrounding portion, and the depth of said channel being materially less than the depth of the outer surrounding portion so as to form a comparatively rigid brace between the said walls thereof."

. In the final paragraph of the Assistant Commissioner's decision, he says:

"McIntosh was the first to conceive the invention and his application was filed before Brown reduced the invention to practice, either actually or con-

structively. Being, therefore, the first to conceive the invention and the first to reduce it to practice, he is, under a long line of decisions of this Office and of the Court of Appeals of the District of Columbia, entitled to the award of priority."

We agree with the Patent Office tribunals and therefore affirm the decision of the Assistant Commissioner.

Affirmed.